WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lance L. Renfrow, et al., | No. CV-14-01183-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| BDP Innovative Chemicals Company, | |
| Defendant. | |

Pending before the Court is Defendant BDP Innovative Chemicals Company's ("BDP's") Motion to Dismiss and Plaintiffs' Motion to Strike portions of BDP's Reply. (Docs. 16, 26.) For the following reasons, the Motion to Dismiss is denied and the Motion to Strike is granted.

## BACKGROUND

Plaintiffs claim that BDP infringes U.S. Patent No. 6,855,679 ('679), a patent for a detergent composition issued to Plaintiff Lance Renfrow in 2005. Specific to the current Motion, Plaintiffs claim that BDP manufactures several products, including draft beer line cleaners, that embody the composition patented by '679. Since 2002, BDP has sold the draft beer line cleaners throughout the United States, including` in Arizona, by way of a third-party distributor, Micro Matic, Inc. ("Micro Matic"). Micro Matic's website contains information indicating that it sells the draft beer cleaners to wholesale beer distributors, including eighteen distributors in thirty-two locations in Arizona.

BDP claims that this Court lacks personal jurisdiction over it and requests dismissal of the case. (Doc. 16.) In the alternative, BDP asserts that Arizona is an

improper venue and requests either dismissal on this ground or a transfer of this case to the United States District Court for the Central District of Florida. (*Id.*) Plaintiffs have filed a Motion to Strike portions of BDP's Reply because it contains information irrelevant to the Motion to Dismiss. (Doc. 26.)

**DISCUSSION**

**I.     Motion to Strike**

Under Local Rule 7.2(m)(1), a party may move to strike portions of a motion if they are "prohibited or not authorized by a statute, rule, or court order." *See also* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). In its Reply, BDP addresses such issues as Plaintiffs' motives for bringing this suit and the ownership interests in '679 held by Plaintiffs and their attorneys. These issues are unrelated to the question of whether the Court possesses personal jurisdiction over BDP. Plaintiffs' Motion to Strike is, therefore, granted and the Court will disregard these portions of the Reply.

**II.    Motion to Dismiss**

    **A.     Personal Jurisdiction**

        **1.     Legal Standard**

Personal jurisdiction in patent cases is decided under Federal Circuit law, rather than that of the regional circuit in which the case arose. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). A court may assert general jurisdiction over a defendant whose contacts with the forum state are "continuous and systematic," regardless of whether those contacts form the basis of the complaint. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). A court lacking general jurisdiction may nevertheless exercise personal jurisdiction over a party if it has "specific jurisdiction" over a party that "deliberately has engaged in significant activities within a state or has created continuing obligations between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985) (internal quotations omitted).

Under Federal Circuit law, a district court can exercise specific jurisdiction over a party that would be subject to the jurisdiction of a court of general jurisdiction in the forum state. *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt*, 148 F.3d 1355, 1358 (Fed. Cir. 1998). The Arizona long-arm statute permits state courts to exercise personal jurisdiction "to the maximum extent permitted by this state and the Constitution of the United States." Ariz. R. Civ. P. 4.2. This Court, therefore, has personal jurisdiction over Defendants if the maintenance of this suit "does not offend [the] traditional notions of fair play and substantial justice" embodied in the Due Process Clause. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Although the burden is on the plaintiff to show that jurisdiction is proper, in the absence of an evidentiary hearing pleadings are construed in the plaintiff's favor and the plaintiff "need only to make a prima facie showing that defendants are subject to personal jurisdiction." *Electronics for Imaging Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003).

In determining whether exercising specific jurisdiction over an out-of-state defendant comports with due process in a patent case, a court evaluates whether "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities in the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Electronics for Imaging*, 340 F.3d at 1350. Directly shipping a product to a state qualifies as purposeful direction, and, if that product is the alleged infringing product, the first two prongs of the specific jurisdiction test are met. *See Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1205 (Fed. Cir. 2003) ("Personal jurisdiction over out-of-state defendant existed with respect to a trademark infringement claim when the defendant's products that allegedly infringed plaintiff's trademark had been shipped to forum state from out of state.") (discussing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1391 (8th Cir. 1991)). However, even if the first two prongs are met, a court cannot exercise personal jurisdiction if the out-of-state defendant presents a "compelling case that the presence of

some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477.

### 2. Analysis

Plaintiffs do not contend that BDP is subject to general jurisdiction in Arizona, so personal jurisdiction will only lie if the Arizona state courts could exercise specific jurisdiction over BDP. As noted above, Plaintiffs allege that BDP sold infringing products throughout the United States, including in Arizona, through Micro Matic, a third-party distributor. In *Beverly Hills Fan*, the Federal Circuit held that a manufacturer and third-party distributor of ceiling fans, who were both accused of infringing a patented device, purposefully directed their activities at the forum state, despite the fact that the manufacturer had not directly sold any fans into the state. The third-party distributor had directly sold the fans to at least six retail outlets in the forum state, but the court also found personal jurisdiction over the manufacturer because it had "purposefully shipped the accused fan into [the forum state] through an established distribution channel." More recently, in *AFTG-TG, LLC v. Nuvoton Technology Corp.*, 689 F.3d 1358 (Fed. Cir. 2012), the Federal Circuit upheld a district court's finding of no personal jurisdiction based upon a Plaintiff's "bare formulaic accusation" of an established distribution channel when the Plaintiff failed to do more than simply allege that a distribution channel existed.

The present case is akin to *Beverly Hills Fan* and unlike *AFTG-TG*. Plaintiffs allege and provide sworn testimony that Micro Matic has been distributing BDP products for over twelve years throughout the United States. In addition, Plaintiffs have provided evidence that Micro Matic has business relationships with at least eighteen wholesale beer distributors in thirty-two locations in Arizona, who purchase the draft beer cleaners from Micro Matic and resell it to customers in Arizona. Thus, Plaintiffs have adequately alleged that there is an established distribution channel linking BDP to Arizona.

BDP contends that, because many of the products that allegedly infringe '679 are sold outside of Arizona, exercising jurisdiction over BDP is not proper. This contention is

1  without merit because Micro Matic's sales of BDP products into Arizona alone provide
2  the minimum contacts necessary to support personal jurisdiction. *See Beverly Hills Fan*,
3  21 F.3d at 1560 (holding that the standard for personal jurisdiction was met in Virginia
4  when the infringing products were sold by a distributor "to customers in the United
5  States, including customers in Virginia").

6  Since Plaintiffs have shown that BDP purposefully directed its activity towards
7  Arizona, and that the suit arises out of that directed activity, the burden shifts to BDP to
8  show that exercising personal jurisdiction is not "reasonable and fair." *Electronics for*
9  *Imaging*, 340 F.3d at 1350. In determining whether exercising jurisdiction is reasonable
10 and fair, a court considers "(1) the burden on the defendant, (2) the interests of the forum
11 state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's
12 interest in obtaining the most efficient resolution of controversies, and (5) the shared
13 interest of the several states in furthering substantive social policies." *Id.* at 1350.

14 These factors do not suggest that litigation in Arizona is unreasonable or unfair.
15 BDP is based in Florida, and while traveling to Phoenix would create a burden on the
16 owners of BDP, the burden is not substantially more unreasonable than litigating in
17 Florida would be. Arizona has an interest in enforcing patent laws in its geographic
18 boundaries, and Plaintiffs have an interest in obtaining relief in Arizona. The interstate
19 judicial system's interest and the shared interest of the several states are both neutral
20 factors. In sum, only one factor weighs in favor of litigating the case in Florida, and
21 considered as a whole these factors do not suggest that this case presents "the rare
22 situation in which the plaintiff's interest and the state's interest in adjudicating the
23 dispute in the forum are so attenuated that they are clearly outweighed by the burden of
24 subjecting the defendant to litigation within the forum." *Beverly Hills Fan*, 21 F.3d at
25 1568 (citing *Burger King*, 471 U.S. at 477).

26 Construing the pleadings and affidavits in favor of Plaintiffs, they have met their
27 prima facie burden of showing that this court may exercise personal jurisdiction over
28 BDP.

### B. Dismissal for Improper Venue

Venue is proper in a patent case "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1404(b) (emphasis added). Despite the statute's requirement that a defendant have a regular and established place of business, when a defendant is a corporation, personal jurisdiction alone is adequate to support venue. *Trintec Indus., Inc. v. Pedre Promotional Prods. Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("Venue in a patent action against a corporate defendant exists whenever there is personal jurisdiction."). In patent cases where a defendant moves to dismiss both on the grounds of personal jurisdiction and venue, therefore, "no separate venue inquiry is necessary." *Id.*

Because the Court has personal jurisdiction over BDP, the case may not be dismissed for improper venue under Rule 12(b)(3). *See id.* ("Venue in a patent action against a corporate defendant exists whenever there is personal jurisdiction.").

### C. Transfer

#### 1. Legal Standard

The Court may transfer a case "to any other district or division where it might have been brought" when such transfer serves "the convenience of parties and witnesses" and is "in the interest of justice." 28 U.S.C. § 1404(a). Even in patent cases, transfer motions are governed by "the law of the regional circuit in which [a district court] sits." *Winner Intern. Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000). The district court considers multiple factors in determining whether to transfer, and ultimately decides whether transfer is proper based on an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Francising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). A defendant has the burden of showing that the action should be transferred, and "must make a strong showing of inconvenience to warrant upsetting [a plaintiff's] choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

834, 843 (9th Cir. 1986); *see N. Acceptance Trust v. Gray*, 423 F.2d 653, 654 (9th Cir. 1970) (stating that "substantial weight" should be given to the plaintiff's choice of forum); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (stating that "the plaintiff's choice of forum should rarely be disturbed").

### 2. Analysis

Neither party disputes that the action might have been brought in Florida. The Ninth Circuit has adopted the following non-exclusive list of factors for courts to consider when ruling on a motion to transfer: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498.

The first factor is not relevant to the case at hand, since the parties did not negotiate any agreements. The second factor is neutral, since any court hearing the case will be relying on federal patent law. The third factor weighs in favor of keeping the case in Arizona, where Plaintiffs filed the case. The fourth factor also weighs in favor of keeping the case in Arizona: Plaintiffs provide evidence that BDP had an established distribution channel here and Plaintiffs are residents of Arizona. The fifth factor is neutral—while Micro Matic has business relationships with several wholesale beer distributors in Arizona, many of the products Plaintiffs claim have been infringed are not sold directly into Arizona. The three factors related to inconvenience weigh slightly in favor of transfer, but not decisively so, because "modern transportation and communication have made it much less burdensome for a party sued to defend itself outside its home state." *Patent Rights Protection Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1370 (Fed.Cir.2010) (internal quotations omitted). On the whole, these eight factors support the conclusion that transfer is not warranted in this case.

**CONCLUSION**

Construing the pleadings and affidavits in favor of Plaintiffs, they have met the prima facie burden of showing that this Court may exercise personal jurisdiction over BDP. BDP has failed to show that this exercise of jurisdiction would be unreasonable or unfair or that a transfer to Florida is warranted.

**IT IS THEREFORE ORDERED** that Defendant BDP Innovative Chemicals Company's Motion to Dismiss (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike portions of BDP's Reply (Doc. 26) is **GRANTED**.

Dated this 15th day of December, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge