**BOOTH UDALL FULLER, PLC**
1255 W. Rio Salado Parkway, Suite 215
Tempe, Arizona  85281
Telephone      (480) 830-2700
Facsimile        (480) 830-2717
**Michelle G. Breit – SBN 021439**
Email             mbreit@boothudall.com

**SANDERS & PARKS, P.C.**
3030 N. Third Street, Suite 1300
Phoenix, Arizona  85012
Telephone      (602) 532-5600
Facsimile        (602) 532-5700
**G. Gregory Eagleburger – SBN 002695**
Email             greg.eagleburger@sandersparks.com

*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Lance L. Renfrow, an individual; and Clear Solutions USA, L.L.C., an Arizona limited liability company,<br><br>   Plaintiffs / Counterdefendants,<br><br>   v.<br><br>BDP Innovative Chemicals Company, a Florida corporation,<br><br>   Defendant / Counterclaimant. | Case No. CV-14-01183-PHX-GMS<br><br>*Assigned to the Hon. G. Murray Snow*<br><br>**PLAINTIFFS LANCE L. RENFROW AND CLEAR SOLUTIONS USA, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO BDP INNOVATIVE CHEMICALS COMPANY'S FIRST AMENDED ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lance L. Renfrow ("Renfrow") and Clear Solutions USA, L.L.C. ("Clear Solutions") (jointly "Counterdefendants"), through undersigned counsel, hereby answer the counterclaims of Defendant BDP Innovative Chemicals Company as follows:

## THE PARTIES

1. Counterdefendants admit the allegations of paragraph 1 of the Counterclaims.

2. Counterdefendants admit the allegations of paragraph 2 of the Counterclaims.

3. Counterdefendants admit that Clear Solutions USA, LLC is an Arizona limited liability company.  Except as thus expressly admitted, Counterdefendants deny any

allegations contained in paragraph 3 of the Counterclaims.

## JURISDICTION

4. Counterdefendants deny the Court has subject matter jurisdiction over the Second Counterclaim for Declaratory Judgment of Patent Invalidity or any other counterclaim in which BDP asserts the '679 patent is invalid, in that BDP stipulated and agreed to the validity of the '679 patent and the District Court of Arizona entered an order confirming the same. Counterdefendants otherwise admit the allegations contained in paragraph 4 of the Counterclaims.

5. Counterdefendants admit this Court has personal jurisdiction over them in that they reside in this judicial district. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 5 of the Counterclaims.

6. Responding to paragraph 6 of the Counterclaims, Counterdefendants admit that venue is proper in this jurisdiction and that they reside within the boundaries of this judicial district and have a regular and established place of business in this judicial district. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 6 of the Counterclaims.

## GENERAL ALLEGATIONS

**A.    The 2003 License Agreement**

7. On information and belief, Counterdefendants admit the allegations of paragraph 7 of the Counterclaims.

8. Counterdefendants admit that they are in the business of developing cleaning chemical compositions for use in various industries. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 8 of the Counterclaims.

9. Counterdefendants admit the allegations of paragraph 9 of the Counterclaims.

10. Counterdefendants admit that on or about May 6, 2002, BDP and Renfrow entered into a Letter of Understanding whereby Renfrow was to develop chemical cleaning products for BDP which would be patented in the name of Lance Renfrow and licensed to BDP. Except as thus expressly admitted, Counterdefendants deny any allegations contained

in paragraph 10 of the Counterclaims.

11. Counterdefendants admit the allegations of paragraph 11 of the Counterclaims.

12. Counterdefendants admit the allegations of paragraph 12 of the Counterclaims.

13. Counterdefendants admit the allegations of paragraph 13 of the Counterclaims.

**B.     The 2006 Litigation**

14. Responding to paragraph 14 of the Counterclaims, Counterdefendants admit that BDP initiated a lawsuit in Florida on or about December 21, 2005 in which BDP asserted Counterdefendants breached agreements with BDP.  Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 14 of the Counterclaims.

15. Responding to paragraph 15 of the Counterclaims. Counterdefendants admit that they filed an action in Arizona against BDP alleging BDP's breach of the 2003 License Agreement and patent infringement related to infringement of the '679 patent.  Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 15 of the Counterclaims.

16. Counterdefendants admit the allegations of paragraph 16 of the Counterclaims.

17. Responding to paragraph 17 of the Counterclaims, Counterdefendants admit that they prosecuted certain then-existing patent infringement claims against BDP.  Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 17 of the Counterclaims.

18. Counterdefendants admit that BDP asserted that it was not infringing the '679 patent.  Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 18 of the Counterclaims.

19. Counterdefendants admit the allegations of paragraph 19 of the

Counterclaims.

20. Counterdefendants admit that on or about November 15, 2006, Counterdefendants and BDP entered into a Confidential Settlement Agreement and Mutual General Release. Counterdefendants allege that the Confidential Settlement Agreement and Mutual General Release reflects its terms. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 20 of the Counterclaims.

21. Responding to paragraph 21 of the Counterclaims, Counterdefendants admit that as part of the 2006 Settlement Agreement, Counterdefendants released BDP only with regard to claims of patent infringement which existed at the time and which were or could have been brought within the scope of the litigation, and not with regard to any future claims which might arise. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 21 of the Counterclaims.

22. Counterdefendants admit the allegations of paragraph 22 of the Counterclaims.

23. Responding to paragraph 23 of the Counterclaims, Counterdefendants allege that the 2006 License Agreement reflects its terms. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 23 of the Counterclaims.

**C.  Counterdefendants' Breaches of the 2006 Settlement Agreement and 2006 License Agreement**

24. Counterdefendants deny the allegations of paragraph 24 of the Counterclaims.

25. Counterdefendants deny the allegations of paragraph 25 of the Counterclaims.

26. Counterdefendants deny the allegations of paragraph 26 of the Counterclaims.

**D.  BDP Develops New Products**

27. Counterdefendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 27 and on such grounds deny the allegations.

28. Counterdefendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 28 and on such grounds deny the allegations.

29. Counterdefendants admit that they asserted MB1, MB2, MB3 and MB4 were

1  covered by the 2006 License Agreement or infringed the '679 patent and Counterdefendants'
2  attorney sent BDP's attorneys correspondence regarding the same. Except as thus expressly
3  admitted, Counterdefendants deny any allegations contained in paragraph 29 of the
4  Counterclaims.

5      30. Responding to paragraph 30 of the Counterclaims, Counterdefendants admit
6  that BDP asserted to Counterdefendants that MB1, MB2, MB3 and MB4 did not infringe
7  the '679 patent and asserted that the products contained different formulations outside the
8  scope of the '679 patent. Except as thus expressly admitted, Counterdefendants deny any
9  allegations contained in paragraph 30 of the Counterclaims.

10     31. Counterdefendants, having been told by BDP that BDP's MB products do not
11 infringe the '679 patent and BDP having denied Counterdefendants request(s) for
12 information regarding the composition of the MB products, admit that they were unable to
13 make further patent infringement allegations regarding BDP's MB products at the time. On
14 that basis, Counterdefendants admit they made no further allegations of infringement until
15 May 2014, after they received additional information regarding BDP's MB products
16 sufficient to make such allegations. Except as thus expressly admitted, Counterdefendants
17 deny any allegations contained in paragraph 31 of the Counterclaims.

## **FIRST COUNTERCLAIM**

### **(Declaratory Judgment of Estoppel and/or Laches)**

20     32. Counterdefendants hereby repeat and reallege each and every response to the
21 Counterclaims as if herein alleged in full.

22     33. Counterdefendants admit the allegations of paragraph 33 of the
23 Counterclaims.

24     34. Counterdefendants admit the allegations of paragraph 34 of the
25 Counterclaims.

26     35. Counterdefendants admit that an actual case or controversy exists between
27 BDP and Counterdefendants with regard to BDP's alleged infringement of the '679 patent
28 and that such controversy is ripe for adjudication. Except as thus expressly admitted,

1  Counterdefendants deny any allegations contained in paragraph 34 of the Counterclaims.

2  36. Counterdefendants deny the allegations of paragraph 36 of the Counterclaims.

3  37. Counterdefendants deny the allegations of paragraph 37 of the Counterclaims.

4  38. Counterdefendants deny the allegations of paragraph 38 of the Counterclaims.

5  39. Counterdefendants deny the allegations of paragraph 39 of the Counterclaims.

6  40. Counterdefendants deny the allegations of paragraph 40 of the Counterclaims.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Patent Invalidity)**

41. Counterdefendants hereby repeat and reallege each and every response to the Counterclaims as if herein alleged in full.

42. Counterdefendants admit the allegations of paragraph 42 of the Counterclaims.

43. Counterdefendants admit the allegations of paragraph 43 of the Counterclaims.

44. Counterdefendants admit that an actual case or controversy exists between BDP and Counterdefendants with regard to BDP's alleged infringement of the '679 patent and that such controversy regarding infringement is ripe for adjudication. Counterdefendants deny an actual case or controversy exists between the parties regarding the validity or invalidity of the '679 patent because BDP has stipulated and agreed to the validity of the '679 patent and the District Court of Arizona entered an order confirming the same. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 44 of the Counterclaims.

45. Counterdefendants deny the allegations of paragraph 45 of the Counterclaims.

46. Counterdefendants deny the allegations of paragraph 46 of the Counterclaims.

47. Counterdefendants deny the allegations of paragraph 47 of the Counterclaims.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement)**

48. Counterdefendants hereby repeat and reallege each and every response to the

Counterclaims as if herein alleged in full.

49. Counterdefendants admit the allegations of paragraph 49 of the Counterclaims.

50. Counterdefendants admit the allegations of paragraph 50 of the Counterclaims.

51. Counterdefendants admit that an actual case or controversy exists between BDP and Counterdefendants with regard to BDP's alleged infringement of the '679 patent and that such controversy regarding infringement is ripe for adjudication. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 51 of the Counterclaims.

52. Counterdefendants deny the allegations of paragraph 52 of the Counterclaims.

53. Counterdefendants deny the allegations of paragraph 53 of the Counterclaims.

## FOURTH COUNTERCLAIM

**(Breach of 2006 Settlement Agreement and 2006 License Agreement)**

54. Counterdefendants hereby repeat and reallege each and every response to the Counterclaims as if herein alleged in full.

55. Counterdefendants admit that Counterdefendants and BDP entered into the 2006 Settlement Agreement and 2006 License Agreement and that each was supported by consideration at the time. Counterdefendants deny that the 2006 License Agreement is any longer in effect, except as to those terms that survived termination of the Agreement. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 55 of the Counterclaims.

56. Counterdefendants deny the allegations of paragraph 56 of the Counterclaims.

57. Counterdefendants deny the allegations of paragraph 57 of the Counterclaims.

58. Counterdefendants deny the allegations of paragraph 58 of the Counterclaims.

59. Counterdefendants deny the allegations of paragraph 59 of the Counterclaims.

60. Counterdefendants deny the allegations of paragraph 60 of the Counterclaims.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment)

61. Counterdefendants hereby repeat and reallege each and every response to the Counterclaims as if herein alleged in full.

62. Counterdefendants admit the allegations of paragraph 62 of the Counterclaims.

63. Counterdefendants admit the allegations of paragraph 63 of the Counterclaims.

64. Counterdefendants admit that an actual case or controversy exists between BDP and Counterdefendants with regard to BDP's alleged infringement of the '679 patent and that such controversy regarding infringement is ripe for adjudication. Except as thus expressly admitted, Counterdefendants deny any allegations contained in paragraph 64 of the Counterclaims.

65. Counterdefendants deny the allegations of paragraph 65 of the Counterclaims.

66. Counterdefendants deny the allegations of paragraph 66 of the Counterclaims.

67. Counterdefendants deny the allegations of paragraph 67 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Each of the affirmative defenses alleged is asserted as to each purported Counterclaim. By alleging the defenses set forth below, Counterdefendants are in no way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of the issues raised by the defenses. Counterdefendants reserve any other defenses, at law or in equity, that may become available based on discovery or any other factual investigation in the case.

### First Affirmative Defense

68. Counterclaimant has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

69. Counterclaimant's claims are barred by the applicable statute of limitations.

**Third Affirmative Defense**

70. Counterclaimant's claims are barred by the doctrine of waiver.

**Fourth Affirmative Defense**

71. Counterclaimant's claims are barred by the doctrine of laches.

**Fifth Affirmative Defense**

72. Counterclaimant's claims are barred by the doctrine of acquiescence.

**Sixth Affirmative Defense**

73. Counterclaimant's claims are barred by the doctrine of unclean hands.

**Seventh Affirmative Defense**

74. Counterclaimant's state law claims are preempted by federal law.

**Eighth Affirmative Defense**

75. Counterclaimant's claims are barred as result of Counterclaimant's breach of express and/or implied duties and obligations under the 2006 License Agreement.

**Ninth Affirmative Defense**

76. Counterclaimant's claims are barred by the doctrine of equitable estoppel.

**Tenth Affirmative Defense**

77. Counterdefendants' conduct was justified, privileged or both under the circumstances, barring any recovery against Counterdefendants.

**Eleventh Affirmative Defense**

78. Counterclaimant's claims are subject to set-off, offset and/or recoupment.

**Twelfth Affirmative Defense**

79. Counterclaimant has failed to mitigate the alleged damages, if any.

**Thirteenth Affirmative Defense**

80. Assuming *arguendo* that Counterdefendants owed any obligation to which full performance has not been rendered, which Counterdefendants expressly deny, performance of said obligation has been excused by the acts and omissions of Counterclaimant or its agents.

**Fourteenth Affirmative Defense**

81. Counterclaimant's claims are barred by the doctrine of res judicata and/or collateral estoppel.

**Fifteenth Affirmative Defense**

82. Counterdefendants allege and incorporate such other affirmative defenses as may be established through discovery, including all affirmative defenses identified in Rule 8(c), Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Renfrow and Clear Solutions request the Court grant the following relief in their favor and against BDP:

A. A judgment in favor of Renfrow and Clear Solutions that BDP has infringed (either literally or under the doctrine of equivalents) one or more claims of the '679 patent;

B. A permanent injunction enjoining BDP and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all other acting in active concert or participation with BDP from infringing the '679 patent;

C. A judgment and order requiring BDP to pay Renfrow and Clear Solutions their damages, costs, expenses, and pre-judgment and post-judgment interest for BDP's infringement of the '679 patent;

D. A judgment and order awarding Renfrow and Clear Solutions damages increased to three times the amount found or assessed by virtue of the deliberate and willful nature of BDP's infringement, in accordance with 35 U.S.C. § 284;

E. A judgment and order awarding Renfrow and Clear Solutions their reasonable attorneys' fees, because this is an exceptional case under 35 U.S.C. § 285;

F. A judgement and order awarding Renfrow and Clear Solutions their costs and attorneys' fees incurred, pursuant to A.R.S. §§ 12-341 and 12-341.01 or otherwise;

G. A judgment and order dismissing with prejudice BDP's Counterclaims against Renfrow and Clear Solutions;

H. A judgment and order that BDP is not entitled to any relief, whether at law, in

equity or otherwise, from its Counterclaims against Renfrow and Clear Solutions;

I. A judgment and order that the claims of the '679 patent are valid and enforceable; and

J. Such other and further relief, at law or in equity, as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs Lance L. Renfrow and Clear Solutions USA, L.L.C. demand a jury trial as to all issues triable to a jury.

DATED this 3rd day of June, 2015.

BOOTH UDALL FULLER, PLC


 /s/ *Michelle G. Breit*
Michelle G. Breit (SBN 021439)
mbreit@boothudall.com
1255 W. Rio Salado Parkway, Suite 215
Tempe, Arizona  85281
Telephone	(480) 830-2700
Facsimile	(480) 830-2717

-and-

G. Gregory Eagleburger (SBN 002695)
greg.eagleburger@sandersparks.com
SANDERS & PARKS, P.C.
3030 N. Third Street, Suite 1300
Phoenix, Arizona  85012
Telephone	(602) 532-5600
Facsimile	(602) 532-5700

*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Martin R. Galbut
>mgalbut@galbutlaw.com
>Olivier A. Beabeau
>obeabeau@galbutlaw.com
>Michaile J. Berg
>mberg@galbutlaw.com
>GALBUT & GALBUT, P.C.
>Camelback Esplanade
>2425 East Camelback Road, Suite 1020
>Phoenix, Arizona 85016
>*Attorneys for the Defendant*
>
>Paul E. Burns
>paul.burns@procopio.com
>PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
>8355 East Hartford Drive, Suite 202
>Scottsdale, Arizona 85255
>*Attorneys for the Defendant*
>
>Melinda M. Morton
>mindy.morton@procopio.com
>PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
>1020 Marsh Road, Suite 200
>Menlo Park, California 94025
>*Attorneys for the Defendant*

          /s/ *Sarah H. Foor*
          Sarah H. Foor, Paralegal